IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NATHAN EDWARDS BROWN**                            **PLAINTIFF**

VS.                                             **CIVIL ACTION NO. 3:19-CV-189-LRA**

**SUPERINTENDENT RONALD
KING, WARDEN WENDELL BANKS,
OFFICER JAMES FILLYAW, OFFICER
PATRICK GARNER, OFFICER STEPHEN
BAILEY, OFFICER DAVION JOHNSON,
OFFICER ANITA DAVIS, OFFICER
REUBEN CORNELIUS, and OFFICER
BENJAMIN JENNINGS**                                      **DEFENDANTS**

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on December 3, 2019, at the Thad Cochran Federal Courthouse in Jackson, Mississippi. Nathan Brown appeared *pro se*, and attorney J. Chadwick Williams, Office of the Attorney General, attended the hearing representing Defendants. The hearing was conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny. It functioned as a scheduling/case management conference, a discovery conference, and a *Spears* hearing. After due consideration of the issues involved in this case and any requests for discovery, the Court does hereby find and order as follows:

    1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. At the time of his complaint, Brown was housed in the custody of the Mississippi Department of

Corrections [MDOC] at the Central Mississippi Correctional Facility [CMCF]; he has since been moved to the Wilkinson County Correctional Facility [WCCF].  At the hearing, the parties consented to the jurisdiction of a United States Magistrate Judge, and, by an Order entered on January 7, 2020, District Judge Henry Wingate referred this matter to the undersigned for all further proceedings.

Brown's claims are taken from his Complaint, as augmented by his sworn testimony at the omnibus hearing.  According to Brown, on August 17, 2018, while at CMCF, he was transferred from general population to segregation for no reason.  As a result, he had to share a one-man cell with two other inmates.  He brings a number of claims related to the condition of that cell – the most serious being that there was no water in the cell, forcing him to drink from the toilet.  Brown also claims that the medical care was insufficient.  He stated that there was black mold in the cell, and he developed sores and stomach aches.  Although he filed multiple sick call requests, Brown did not see a doctor until he was moved back into the general population.  The medical staff said that they never received his sick call requests.  After returning to the general population, Brown says in his Complaint that he had to take psychiatric medications; however, he admitted that he is not currently suffering any effects from those conditions and he received no permanent injury.

The Defendants have answered Brown's Complaint.  When the Order Setting Omnibus Hearing [Doc. #21] was filed on October 21, 2019, the Court set a deadline of thirty from that filing for the Defendants to file any motion concerning exhaustion.  The Defendants later filed a Motion to extend that deadline, and the Court extended it to

December 2, 2019.  As of this date, no such Motion has been filed.  Brown stated during the hearing that he filed a first step complaint through the Administrative Remedies Program in September 2018, but he never got a response, so he did not go to the next step.

Brown's claims against the individual Defendants are as follows:  Ron king is the Superintendent at CMCF, and Brown claims that King personally promised to move him and tend to his condition, but he was moved to WCCF two weeks later.  His claims against Warden Wendell Banks are the same.  Brown says that Deputy Warden James Fillyaw told him that they were short-staffed and over-populated, and he told Brown, "Deal with it; it's prison."  Officers Stephen Bailey, Anita Davis, and Patrick Garner were responsible for taking Brown out of the general population because he could not climb to his assigned top rack, and, because of that, put his mattress on the floor.  Officer Davion Johnson ordered that Brown be taken to segregation.  Officer Reubin Cornelius told Brown, after Brown told him about the conditions in his cell and the failure to provide treatment, that they were short staffed and were doing their best.  Officer Benjamin Jennings told Brown that it was prison, and they did not have to accommodate him.

## 2. DISCOVERY ISSUES AND PENDING MOTIONS

Brown provided his Witness List and his Exhibit List to the Court prior to the omnibus hearing [Doc. #25], and Defendants tendered discovery to Brown at the hearing.  There are no pending motions, although, as stated earlier, the Defendants had, at one time, planned to file one on the issue of exhaustion.  If a trial is conducted in this case,

defense counsel shall provide the Court with a certified copy of Plaintiff's MDOC file for use as a general exhibit for all parties at trial.

The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1). Other than the discovery mentioned herein, the parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

## 3. TRIAL WITNESSES

Brown asked that MDOC inmate **Kristopher Hearron**, **#75793**, be brought to testify on his behalf. If a trial is conducted, Brown may secure the voluntary appearance of any free world witnesses; or, upon prepayment of witness fees, plus mileage costs, along with the complete address of where the witness may be found, Brown may request the Court to cause a subpoena to be issued for a free world witness. Any request for subpoenas should be made at least 30 days prior to trial, and the Court will direct that the United States Marshals Service serve any such subpoena.

## 4. PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING

This conference may stand in lieu of a pretrial conference.

IT IS, THEREFORE, ORDERED:

1. Any motions requesting additional discovery should be filed on or before **February 28, 2020,** and should specify precisely what information is being requested.

2. All dispositive motions should be filed on or before **March 13, 2020.**

SO ORDERED, this the 31st day of January, 2020.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE